**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113354

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Rhonda Mingo, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>EOS CCA, Inc.,<br><br>      Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

   Rhonda Mingo, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against EOS CCA, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

   1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

   2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

   3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Rhonda Mingo is an individual who is a citizen of the State of New York residing in Erie County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant EOS CCA, Inc., is a Massachusetts Corporation with a principal place of business in Plymouth County, Massachusetts.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated September 10, 2016. (**"Exhibit 1."**)

14. The Letter was the initial communication Plaintiff received from Defendant.

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
## Violation of 15 U.S.C. § 1692e

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

18. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

19. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

taken or that is not intended to be taken.

20. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

21. The City of Buffalo, pursuant to Ordinance Chapter 140, requires anyone doing collecting in the city to have a Collection Agency License.

22. The possession of a license is required even if the debt collector's principal place of business is outside the City limits.

23. Plaintiff is a resident of the City of Buffalo, New York.

24. Defendant sent the Letter to Plaintiff's Buffalo residence.

25. Upon information and belief, Defendant does not possess a Buffalo Collection Agency License.

26. As such, Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28. Plaintiff's debt was incurred pursuant to a contract between Plaintiff and the creditor.

29. N.Y.C.P.L.R. § 5001(a) provides that interest shall be recovered upon a sum awarded because of a breach a contract.

30. An award of interest under § 5001 is mandatory.

31. N.Y.C.P.L.R. § 5001(b) provides that interest shall be computed from the earliest ascertainable date the cause of action existed.

32. The creditor, and any assignee or successor-in-interest, possessed a guaranteed right to interest on the Debt from, at the latest, September 10, 2016.

33. As such, the amount stated in the Letter was subject to the accrual of interest.

34. The Letter failed to disclose that the amount stated may increase due to interest.

35. The Letter, because of the aforementioned failure, violates 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

36. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the City of Buffalo from whom Defendant attempted to collect a consumer debt without a required Buffalo Collection Agency License, from one year before the date of this Complaint to the present.

37. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

38. Defendant regularly engages in debt collection.

39. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts without a required Buffalo Collection Agency License.

40. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

42. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## **JURY DEMAND**

43. Plaintiff hereby demands a trial of this action by jury.

4

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a.  Certify this action as a class action; and

    b.  Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c.  Find that Defendant's actions violate the FDCPA; and

    d.  Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e.  Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.  Grant Plaintiff's costs; together with

    g.  Such other relief that the Court determines is just and proper.

DATED: June 14, 2017

                                    **BARSHAY SANDERS, PLLC**

                                    By: _/s/ *David M. Barshay*_____
                                    David M. Barshay, Esq.
                                    100 Garden City Plaza, Suite 500
                                    Garden City, New York 11530
                                    Tel: (516) 203-7600
                                    Fax: (516) 706-5055
                                    dbarshay@barshaysanders.com
                                    *Attorneys for Plaintiff*
                                    Our File No.: 113354